UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV13-4334-CAS-(FFMx) | Date | August 12, 2013 |
|---|---|---|---|
| Title | ALBERT OWENS V. WESTWOOD COLLEGE INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Myra Ponce | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Seth Davidson | Patricia DeSantis<br>Kevin Jacobs (By Telephone)<br>Vanessa Krumbein |

**Proceedings:** **PLAINTIFF'S MOTION TO REMAND** (filed July 15, 2013) [15]

## I.   INTRODUCTION

On April 3, 2013, plaintiff Albert Owens filed this case in the Los Angeles County Superior Court against defendants Westwood College, Inc. ("Westwood"), Sallie Mae, Inc., and Does 1–10.  Plaintiff alleges that defendants fraudulently applied for federal student loans in his name and without his consent.  He asserts claims for: (1) fraud; (2) deceit in violation of Cal. Civil Code § 1709; and (3) declaratory relief.  On June 17, 2013, defendant Westwood, with the consent of defendant Sallie Mae, removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446.  Dkt. No. 1.

On July 15, 2013, plaintiff filed a motion to remand this case to the Los Angeles County Superior Court.  Dkt. No. 15.  Defendants opposed the motion on July 22, 2013.  On August 12, 2013, the Court held a hearing.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff alleges the following facts in support of his claim.  Sometime around January 19, 2007, plaintiff's son went to Westwood's South Bay campus to inquire about enrollment and applying for a student loan.  Compl. ¶ 6.  Plaintiff's son was directed to a clerk, who told him that if he wanted to apply for a loan, he would have to bring in a copy of his father's tax returns.  Id. ¶¶ 8–10.  When plaintiff's son returned to the clerk with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV13-4334-CAS-(FFMx) | Date | August 12, 2013 |
|---|---|---|---|
| Title | ALBERT OWENS V. WESTWOOD COLLEGE INC. ET AL | | |

plaintiff's tax returns, the clerk instructed plaintiff's son to sign the bottom of a federal PLUS loan application. The clerk then filled out the rest of the application, identifying plaintiff as the borrower and putting his social security number on the application. Id. ¶¶ 14–16.

Westwood submitted the loan application to defendant Sallie Mae, which approved the loan and disbursed the loan proceeds to Westwood. Id. ¶¶ 23, 28. At no time was plaintiff aware that the loan had been made, nor did he receive a copy of the application, promissory note, or monthly billing statements. Id. ¶ 24. The loan then defaulted and was sent to collections. Id. ¶ 29.

As a result of defendants' conduct, plaintiff has suffered damage to his credit and reputation. Plaintiff also claims that he has suffered severe emotional distress as a result of the fraudulent loan. Plaintiff seeks actual damages for the harm to his credit and for emotional distress. Plaintiff also seeks punitive damages pursuant to Cal. Civil Code § 3294. Finally, plaintiff asks for a declaratory judgment stating that he has no obligation to repay the allegedly fraudulent loan.

## III.  LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV13-4334-CAS-(FFMx) | Date | August 12, 2013 |
|---|---|---|---|
| Title | ALBERT OWENS V. WESTWOOD COLLEGE INC. ET AL | | |

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## IV. DISCUSSION

### A. Plaintiff's Motion to Remand for Untimeliness

Plaintiff moves to remand this case because defendants' Notice of Removal was untimely. 28 U.S.C. § 1446(b) imposes two separate 30-day time limits on defendants wishing to remove cases to federal court. The first 30-day limit requires that a defendant remove within 30 days after receiving a complaint that is removable on its face. Id. § 1446(b)(1). Alternatively, if the complaint is not removable on its face, the second 30-day limit requires that a defendant must remove within 30 days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005).

Here, although defendants filed their Notice of Removal more than 30 days after receiving the complaint, defendents maintain—and plaintiff does not dispute—that removal was not untimely under the first 30-day limit created by § 1446(b)(1). The Court agrees. For this 30-day limit to apply, the complaint must be "removable on the basis of jurisdictional facts apparent from the face of the complaint." Harris, 425 F.3d at 692-693. But the complaint is silent on the amount of damages. Nor does it include information—such as the amount of the loan at issue—from which defendants could reasonably calculate that the amount in controversy exceeded $75,000. See Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (requiring "'a defendant to apply a reasonable amount of intelligence in ascertaining removability'" (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001))). Without information showing that the amount in controversy exceeds the jurisdictional minimum for diversity, the complaint does not present a case that is removable on its face.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | CV13-4334-CAS-(FFMx) | Date | August 12, 2013 |
|---|---|---|---|
| Title | ALBERT OWENS V. WESTWOOD COLLEGE INC. ET AL | | |

Instead, plaintiff argues that removal is barred by the second 30-day limit set forth in § 1446(b)(3). This 30-day limit begins to run when the defendant receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Here, plaintiff contends that this second 30-day limit was triggered when he emailed a settlement demand letter to defendant on May 15, 2013. See Decl. of Franklin Seth Davidson, Ex. 1. This letter demanded $1.5 million in exchange for settling the entire case. Plaintiff argues that this letter informed defendants that the amount in controversy exceeded $75,000 and thus that the case was removable. Under this reasoning, defendants had 30 days from May 15 to remove the case. Because they did not file their Notice of Removal until June 17—more than 30 days after May 15—removal was untimely.

Defendants counter that the 30-day time limit was not triggered by the May 15 demand letter, but instead by a second demand letter that plaintiff emailed to defendants on June 13, 2013. See Decl. of Rayda Aleman, Ex. 1. This June 13 letter demanded $137,000, rather than the $1.5 million demanded less than a month previously in the May 15 letter. Defendants contend that the large discrepancy between the two demands shows that the $1.5 million demand was a negotiating tactic, rather than plaintiff's estimate of the amount in controversy. And because the May 15 letter is not evidence of the amount in controversy, it cannot be an "other paper" informing defendants that the case was removable and thereby triggering the 30-day limit under § 1446(b)(3).

The Court agrees that the $1.5 million demand in the May 15 letter was not evidence that the amount in controversy exceeded the jurisdictional minimum. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002). Here, the May 15 letter does not offer any explanation for how plaintiff calculated the $1.5 million demand—it does not even state the value of the allegedly fraudulent loan at issue in the case. Nor does the June 13 letter explain why plaintiff reduced his demand by more than a factor of ten in less than a month, despite no apparent change in the status of the case. Both demand letters allege the same categories of damages—damage to plaintiff's credit, emotional distress, and harassment by debt collectors—and yet demand vastly different settlements. Given these facts, there is no reason to believe that the $1.5 million demand in the May 15 letter bore any relation to the actual amount in controversy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV13-4334-CAS-(FFMx) | Date | August 12, 2013 |
|---|---|---|---|
| Title | ALBERT OWENS V. WESTWOOD COLLEGE INC. ET AL | | |

Accordingly, the Court finds that, because the May 15 letter was not a "reasonable estimate of the plaintiff's claim," it cannot be "relevant evidence of the amount in controversy." Cohn, 281 F.3d at 840. As such, the May 15 letter was not an "other paper" as envisioned by 28 U.S.C. § 1446(b)(3), and did not trigger the 30-day limit under 28 U.S.C. § 1446(b)(3). Defendants' receipt of the May 15 settlement demand letter did not make their Notice of Removal untimely.[1]

### B. Subject Matter Jurisdiction

Although defendants' Notice of Removal was timely, there are nonetheless significant questions about the Court's subject matter jurisdiction over this case. While plaintiff's Motion to Remand only attacks the timeliness of defendants' removal, the Court has the power and the duty to *sua sponte* question the existence of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981).

Because this Court's subject matter jurisdiction, if any, rests on diversity, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Defendant, as the party seeking removal, bears the burden of establishing federal jurisdiction. Prize Frize, Inc., 167 F.3d at 1265. To meet this burden, defendants contend in their Notice of Removal that the amount-in-controversy requirement is satisfied by the $137,000 demand in the June 13 letter. They claim that this $137,000 demand is a reasonable estimate of the value of plaintiff's claim, and thus of the amount in controversy.

Defendants' reliance on the June 13 demand letter is flawed for the same reasons as plaintiff's reliance on the May 15 demand letter. Although defendants strive to characterize the June 13 demand letter as the "Real Demand Letter," the June 13 demand

---

[1] Defendants argue in the alternative that since the demand letter was sent by email, it qualifies as service by "electronic means," and they were thus entitled to an additional 3 days to act under Fed. R. Civ. P. 6(d). However, merely emailing a demand letter to opposing counsel does not qualify as "service." As 28 U.S.C. § 1446(b)(3) expressly recognizes, defendants can receive "other papers"—such as a settlement demand—either by "service" or "otherwise." Since the May 15, 2013 demand letter was not served, defendants are not entitled to the additional 3 days under Rule 6(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **JS-6**

| Case No. | CV13-4334-CAS-(FFMx) | Date | August 12, 2013 |
|---|---|---|---|
| Title | ALBERT OWENS V. WESTWOOD COLLEGE INC. ET AL | | |

letter shares the defects of the May 15 letter. Both letters demand an arbitrary settlement figure, with no showing of how that figure was calculated. Neither letter explains why its demand is so different from the other letter's demand, despite relying on essentially identical facts and with no change in the status of the case.

The Court therefore finds that the $137,000 demand in the June 13 letter is not a "reasonable estimate of the plaintiff's claim" and thus is not "relevant evidence of the amount in controversy." Cohn, 281 F.3d at 840. Because the $137,000 demand is the only evidence offered by the Notice of Removal to show that the amount in controversy exceeds the jurisdictional minimum, the Notice of Removal itself does not satisfy defendants' burden of proving subject matter jurisdiction.

In considering subject matter jurisdiction, however, the Court is not confined to the Notice of Removal, but may also consider "summary-judgement-type evidence relevant to the amount in controversy at the time of removal." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1091 (9th Cir. 2003) (quotation omitted).

At this stage, however, there does not appear to be sufficient "summary-judgment-type evidence" to support subject matter jurisdiction. As discussed above, the complaint does not on its face show that the amount in controversy exceeds $75,000. The only other facts about the amount in controversy anywhere in the record appears in defendants' opposition to this motion. There, defendants claim that "[t]he PLUS loan at issue is for less than $13,000, exclusive of fees and interest." Defs'. Resp. at 2.

Setting aside for the moment the issue of whether an unsupported claim in briefing can properly be considered as "summary-judgement-type evidence," $13,000 is less than the jurisdictional minimum. Although plaintiff also claims compensatory damages for emotional distress and harm to his credit, as well as punitive damages, defendants simply have not made any showing about the potential size of those damages. Furthermore, defendants cannot simply rely on the allegations in the complaint to satisfy the amount-in-controversy requirement, as that would make their Notice of Removal untimely under § 1446(b)(1).

Given that defendants bear the burden of proving subject matter jurisdiction, and in light of the Court's duty to remand if there is any doubt as to the right of removal, the Court finds that the amount-in-controversy requirement is not met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| | | | |
|---|---|---|---|
| Case No. | CV13-4334-CAS-(FFMx) | Date | August 12, 2013 |
| Title | ALBERT OWENS V. WESTWOOD COLLEGE INC. ET AL | | |

## V. CONCLUSION

In accordance with the foregoing, the Court GRANTS plaintiff's motion to remand.

IT IS SO ORDERED.

00 : 11

Initials of Preparer    CMJ